UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID O. EDWARDS

v.  Case No. 8:03-cr-249-T-24 MSS

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on David O. Edwards's Motion for Reconsideration under Rule 60(b)(6). (Doc. 141). For the reasons set forth below, this motion is **DENIED**.

Edwards was originally sentenced on May 20, 2004 on one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846 and two counts of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). (Docs. 28; 52). Edwards was initially sentenced to 300 months' incarceration and 60 months of supervised release. (Doc. 52).

On December 29, 2009, this Court reduced Edwards's sentence pursuant to United States Sentencing Commission Amendment 706. (Doc. 115). Pursuant to Amendment 706, this Court reduced Edwards's sentence from 300 months' incarceration to 240 months' incarceration. (Doc. 115).[1]

On May 1, 2012, this Court further reduced Edwards's sentence pursuant to United States Sentencing Commission Amendment 750. (Doc. 137). Pursuant to Amendment 750, this Court reduced Edwards's sentence from 240 months' incarceration to 191 months' incarceration. (Doc. 137).[2] The revised guidelines under Amendment 750 were 188 to 235 months' incarceration. (Doc. 137, p.2). This Court found that a sentence of 191 months would most

---

[1] All other terms and conditions of the original judgment remained the same. (Doc. 116).

[2] All other terms of conditions of sentencing remained the same. (Doc. 137).

closely mirror the sentence imposed at the time of initial sentencing and at the time of re-sentencing under Amendment 706. (Doc. 137, p.2). This Court further considered public safety and post-sentencing information in imposing the 191 month sentence. (Doc. 137, p.2).

On May 29, 2012, Edwards filed a Motion to Reconsider the 191 month sentence, requesting an additional one-year reduction in his sentence due to his "positive change" and successful completion of a drug rehabilitation program. (Doc. 139, p.1). This Court denied the motion as this Court already considered post-sentencing information in imposing the 191 month sentence. (Doc. 140, p.2).

Edwards now files a second Motion to Reconsider the 191 month sentence, again citing post-sentencing rehabilitation as a reason to further reduce his sentence. (Doc. 141, pp. 2-3). Edwards further asks the Court to evaluate credit for time he was held prior to trial. (Doc. 141, p.3).

This Court has already considered post-sentencing rehabilitation in imposing the 191 month sentence. Further, the Bureau of Prisons makes the determination with respect to credit for time served.

Accordingly, it is ORDERED AND ADJUDGED that David O. Edwards's Motion for Reconsideration under Rule 60(b)(6) (Doc. 141) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of July, 2012.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Defendant